## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DAWSON W. WISE | ) |
| 419 DORCHESTER ROAD | ) |
| AKRON, OHIO 44320 | ) |
| | ) **JUDGE** |
| **PLAINTIFF** | ) |
| | ) **CASE NO.:** |
| VS. | ) |
| | ) **COMPLAINT WITH** |
| ZWICKER & ASSOCIATES, PC | ) **JURY DEMAND AND CLASS** |
| C/O ITS STATUTORY AGENT | ) **ACTION ALLEGATIONS** |
| CT CORPORATION | ) |
| 1300 EAST 9TH STREET | ) |
| CLEVELAND, OHIO 44114, | ) |
| | ) |
| **AND** | ) |
| | ) |
| ANNE SMITH, ESQ. | ) |
| 525 VINE STREET, SUITE 800 | ) |
| CINCINNATI, OHIO 45202 | ) |
| | ) |
| **AND** | ) |
| | ) |
| DEREK SCRANTON, ESQ. | ) |
| 2300 LITTON LANE | ) |
| HEBRON, KENTUCKY 41048, | ) |
| | ) |
| **DEFENDANTS.** | ) |

### INTRODUCTION

1. DAWSON W. WISE ("named  Plaintiff" or "Wise") brings this action, on behalf of
himself and those similarly situated, seeking civil damages, declaratory relief, and
permanent injunctive relief for deceptive, unfair, and unconscionable debt collection
practices under the Fair Debt Collection Practices Act ("FDCPA", 15 U.S.C.§1692 *et*

1

*seq.*) and the Ohio Consumer Sales Practices Act (OCSPA, Ohio Rev. Code §1345.01
*et seq.*)

2. Named Plaintiff alleges that Defendants attempted to collect attorney fees in
connection with their collection efforts in Ohio, where by law they are not recoverable
in connection with any claim involving consumer debt. Therefore Defendants violated
both the FDCPA and the OCSPA.

## JURISDICTION

3. The jurisdiction of this court is invoked pursuant to 15 U.S.C. § 1692k (d), 28 U.S.C.
§1337, and Rule 23, Federal Rules of Civil Procedure. Jurisdiction over the Ohio claims
is based upon 28 U.S.C. § 1367. Venue is proper because the conduct complained of
took place in this district, Defendants do business in this district, and named Plaintiff is
a resident of this district.

## PARTIES

4. Named Plaintiff is and was at all times mentioned herein a "consumer" as defined in
the FDCPA and in the OCSPA. Any debt he is or was obligated to pay was a
"consumer debt" as defined by those statutes.

5. Defendant Zwicker & Associates, P.C. ("Zwicker") is a Massachusetts professional
corporation, registered with the State of Ohio, that lists as its profession, "Law Firm-
Debt Collection". Zwicker has offices, *inter alia,* at 2300 Litton Lane Suite 200 Hebron
Kentucky 41048. Zwicker's statutory agent is located in this district. Defendants Anne
Smith ("Smith") and Derek Scranton ("Scranton") are attorneys, licensed to practice in
the state of Ohio, who specialize in collecting past due accounts on behalf of various
creditors and were employed by Zwicker as lawyers in the subject state court lawsuits.

2

All Defendants, jointly and severally, are "debt collectors" as so defined by the Fair Debt Collection Practices Act and "suppliers" as defined in the OCSPA. They engage in the collection of past due accounts on behalf of various creditors.

## STATEMENT OF FACTS

6. Defendants filed a complaint against named Plaintiff, in the Summit County Court of Common Pleas, captioned *American Express Centurion Bank vs. Dawson Wise* on June 27, 2011 and it was assigned case number 2011 06 3500 (A copy is attached hereto and marked as Exhibit A.) In said complaint Defendants sought to collect attorney fees in connection in connection with a claim involving consumer debt.

7. Attached to said complaint was a copy of the agreement between Wise and American Express Centurion Bank. (A copy is attached hereto and marked as Exhibit B.) Said agreement asserted among many other things that the creditor would be entitled to attorney fees, in the event of default.

8. Both before and after filing state court complaints against consumers such as Exhibit A Defendants made verbal and/or written demands, seeking to collect a consumer debt and claiming that the creditors that they represented would be entitled to attorney fees in reference to said debt.

9. The above referenced complaint and others like it alleged that a debt was owed by named Plaintiff to Defendants' client (American Express Centurion Bank). Said debt is a "consumer debt" as defined under the FDCPA and the OCSPA.

10. Each of the above referenced complaints concluded, as is customary, with a "wherefore clause" seeking the sum of money allegedly due, plus pre-judgment interest, post-judgment interest, court costs and attorney fees.

11. Even before filing a complaint in state court against consumers such as named Plaintiff, while engaging in debt collection activities against said consumers, Defendants also claimed the right to collect attorney fees on a consumer debt on behalf of a creditor.

12. After filing complaints against consumers such as named Plaintiff and while engaging in debt collection activities against said consumers, Defendants also sought such attorney fees outside of the formal proceedings of state court.

13. In pursuing their debt collection efforts Defendants made the above described written and/or verbal assertions despite the fact that they were prohibited from recovering attorney fees in connection with the collection of a consumer debt in Ohio.

14. By seeking attorney fees as described above, Defendants made false, deceptive, misleading, and threatening allegations for which named Plaintiff and the class he seeks to represent are entitled to damages.

15. The various demands for attorney fees made by Defendants from named Plaintiff and other similarly situated Ohio consumers was conduct prohibited under both the FDPCA and the OCSPA.

## FIRST CLAIM FOR RELIEF (FDCPA)

16. The conduct described above violated the FDCPA as follows:

a. It falsely represented the character, amount or legal status of named Plaintiff's debt, and that of similarly situated Ohio consumers, in violation of 15 U.S.C. § 1692e (2)(A);

b. It falsely represented the compensation which may be lawfully received in connection with the collection of the debt in violation of 15 U.S.C. § 1692e (2)(B);

c. It threatened to take action against named Plaintiff, and similarly situated Ohio consumers, that cannot be legally taken in violation of 15 U.S.C. § 1692e (5);

4

   d.    It attempted to collect an amount in excess of what named Plaintiff, and
   similarly situated Ohio consumers, lawfully owed in violation of 15 U.S.C.
   § 1692f (1); and

   e.    It generally utilized false and deceptive means to collect or to attempt
   to collect a debt in violation of 15 U.S.C. § 1692e (10).

17. As a direct and proximate result of Defendants' conduct named Plaintiff and the class

he seeks to represent suffered statutory and/or actual damages in an amount to be

demonstrated at trial.

## SECOND CLAIM FOR RELIEF
## (OCSPA)

18. Defendants' conduct in filing collection suits in the manner set forth above constituted

unfair, deceptive and/or unconscionable consumer sales practices in violation of Ohio

Rev. Code §§ 1345.02 and .03.

19. As a direct and proximate result of Defendants' conduct named Plaintiff and the class

he seeks to represent suffered statutory and/or actual damages in an amount to be

demonstrated at trial.

## CLASS ACTION ALLEGATIONS

20. Named Plaintiff seeks to represent a class of Ohio consumers with respect to whom

Defendants either:

   a) claimed the right to collect attorney fees on a consumer debt on behalf of a
      creditor before filing a complaint in a state court, and/or

   b) sought such attorney fees by filing a complaint in a state court proceeding,
      and/or

   c) sought such attorney fees outside of the formal proceedings of state court after
      filing a complaint.

21. The class should include those consumers in the state of Ohio against whom Defendants engaged in the above described conduct from June 26, 2011 to the present.

22. Named Plaintiff relies upon Rules 23(a), 23(b)(1), 23 (b)(2), and 23(b)(3), of the Fed. R. Civ. P., and seek damages, injunction, declaratory relief, and any other appropriate relief, as well as costs, and expenses of investigation and litigation, and reasonable attorney fees.

23. Upon information and belief to be verified through discovery, named Plaintiff states that the class described above is so numerous that joinder of individual members is impracticable. Named Plaintiff believes it is reasonable to infer that such numerosity will not be at issue in this case.

24. This action presents common questions of law and fact that relate to and affect the rights of each member of the class, and the relief being sought is common to the entire class.

25. The claims of named Plaintiff are typical of the claims of the class in that all claims depend on a showing of the same act, namely, the assertion of entitlement to attorney fees in a consumer collection action when such fees are barred in Ohio.

26. There is no known conflict between named Plaintiff and other members of the class with respect to this action, or with respect to the claims for relief in this case.

27. Named Plaintiff will fairly and adequately protect the interests of the class, since he has no individual claims which are different from those of the class. Nor is there any conflict between the interests of named Plaintiff and those of other class members.

28. Plaintiff's attorney is an experienced and capable federal litigator.

29. This action is properly maintained as a class action in that the prosecution of separate

6

actions by individual class members would create a risk of individual adjudications which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.

30. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class would create risk of inconsistent individual adjudications which would establish incompatible standards of conduct for Defendants.

31. This action is properly maintained as a class action inasmuch as Defendants have acted or refused to act on grounds applicable to the entire class, and have, by reason of such conduct, made appropriate final injunctive relief or corresponding other relief, appropriate with respect to the entire class, as sought in this action.

32. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions that might affect only individual members. (For example, the legal issue of whether seeking attorney fees in collecting a consumer debt violates the FDCPA and/or the Ohio Consumer Sales Practices Act is an issue that is common to named Plaintiff and to all potential class members; and the factual issue of whether Defendants made such representations is common to named Plaintiff and to all potential class members and may in many instances be answered by reference to written documents.)

33. Proceeding in this matter as a class action is the superior method available for fairly and efficiently adjudicating the controversy.

34. The relief sought will be effective and appropriate for the entire class, and all

7

members of the class have a right to similar damages or other relief.

35. The identity of individual members of the class can be ascertained from the documents and records maintained by Defendants and/or from public court records throughout the State of Ohio.

36. Because many of the consumers with whom Defendants have dealt, or who were affected by their activities, may not be aware of their rights, or may not be in a financial position to assert such rights readily, and because relegation of their claims to individual actions would result in a unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

37. Unless Defendants are enjoined and restrained from continuing the foregoing illegal practices, named Plaintiff and the class of persons he seeks to represent will suffer substantial and irreparable injury for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, named Plaintiff, on behalf of himself and the class members he seeks to represent demand the following:

(a) A determination that all claims are appropriate for class certification;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a) and Ohio Rev. Code § 1345.01 *et seq*.;

(c) Actual damages for violations of the above referenced statutes in an amount to be established;

(d) Reasonable attorney fees for all services performed by Plaintiff's counsel related to the prosecution of this claim;

(e) Reimbursement for all costs and expenses incurred in connection with the prosecution of this claim;

8

(f) Final and permanent injunctive relief preventing Defendants from engaging in further unlawful conduct;

(g) A declaration that Defendants' conduct was either deceptive, unfair and/or unconscionable;

(h) A trial by jury on all appropriate issues; and

(i) Any further relief at law or in equity which this Court may deem appropriate.

Respectfully submitted,

/s/ R. Paul Cushion, II
R. Paul Cushion, II, Esq.
Ohio Supreme Court #0037116
75 Public Square, Suite 1111
Cleveland, Ohio 44113
Office Phone:(216) 502-0800
Facsimile:(216) 502-7777
cell: (216) 244-4073
email: rpaulcushion2@ohio-defense-attorneys.com

**ATTORNEY FOR PLAINTIFF**

**JURY DEMAND**

Plaintiff demands a trial by jury in accordance with law.

/s/ R. Paul Cushion, II
R. Paul Cushion, II, Esq.

**ATTORNEY FOR PLAINTIFF**